All concurred; COCHRANE, J., in result; except HOUGHTON, J., dissenting.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

In the Matter of the Application and Petition of JOHN A. BENSEL and Others, Constituting the Board of Water Supply of the City of New York, Appellants, to Acquire Real Estate, etc., in the Towns of Olive and Hurley, Ulster County, New York, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of the City of New York. (Ashokan Reservoir, Section No. 16.) Second Application for Commissioners' Compensation.

DAVID C. ROBINSON and JAMES J. FRAWLEY, Commissioners, Respondents, Appellants; SEVERYN B. SHARPE, Commissioner, Respondent.

Third Department, May 20, 1910.

New York city — water supply — eminent domain — commissioners of appraisal — separate reports — compensation for former allowances — automobile hire — basis for determining compensation.

When the commissioners of appraisal in proceedings to condemn land to provide a water supply for New York city under chapter 724 of the Laws of 1905, have concluded their labors with respect to the several parcels included in a separate report, they are entitled to present their claims for fees and expenses to the court for taxation, and, in fixing their compensation, the court cannot take into account allowances made to them for other services on prior applications.

Where it appears that it was at first customary to permit the commissioners to inspect the property in automobiles for which the city paid, that later they were notified to procure automobiles when necessary and include the cost in their expenses, sums expended for such purpose may be taxed in the absence of notice by the city that it will object to such disbursements.

The number of days spent in the work should not alone determine the amount of compensation. The number and character of the cases before the commissioners, the circumstances under which the work was done, the amount of time reasonably required for doing it, the character and quality of the work done and the amounts of the awards should all be considered.

APPEAL by the petitioners, John A. Bensel and others, constituting the board of water supply of the city of New York, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Ulster on the 29th day of March, 1910, and also from an order entered in said clerk's office on the 3d day of May, 1910, resettling the first order; also an appeal by David C. Robinson and James J. Frawley, commissioners, from a portion of said order entered on the 29th day of March, 1910.

*Archibald R. Watson, Corporation Counsel [ William McM. Speer* of counsel], for the appellants.

*David C. Robinson*, for the respondents, appellants.

*Severyn B. Sharpe*, respondent, in person.

Order affirmed, with ten dollars costs and disbursements, on opinion of CHESTER, J., at Special Term.

All concurred.

The following is the opinion delivered at Special Term:
CHESTER, J.:
These three separate applications* to tax fees and expenses of commissioners of appraisal in the above matters may be considered together.   With respect to two of the applications the corporation counsel objects to the taxation of any fees at this time on the ground that the commissioners have not concluded their labors and claims that the court has no power to tax fees under the law except by his consent until the completion of all the work committed to them. He also insists that the amount of compensation awarded to them upon their prior applications must be taken into consideration in fixing their fees when the work is concluded.   I cannot agree with these contentions.   The act under which the commissions are acting and the condemnations of property are being made (Laws of 1905, chap. 724) provides in section 11, as amended by Laws of 1906 (Chap. 314, § 2), that the city of New York shall be seized in fee

* Ashokan Reservoir, sections 11, 15 and 16.—[REP.

and may take possession of the property sought to be condemned when the commissioners file their oath of office on paying the owners one-half of the assessed value, and in section 17, as amended by Laws of 1906 (Chap. 314, § 4), that the awards for the property, less the advances, shall be payable to the owners within three calendar months after the confirmation of the report of the commissioners. Section 21 expressly provides for the making of separate reports by them. One purpose of this apparently is to prevent a long delay in making payment to owners, after having been deprived of the possession of their property, which would result if such reports and payments should not be made until the commissioners concluded all their labors. Section 1 of chapter 725 of the Laws of 1905, relating to the acquisition of property by the city of New York for water supply and providing for prompt payment therefor, provides that no more parcels shall be submitted to the same set of commissioners of appraisal at one time than can be reasonably passed upon and an award made by them within one year after taking their oaths of office. The law is, therefore, clear that the commissioners have the right to make separate reports when their labor as to several parcels is completed.

I see no reason under the law why they may not also make separate applications to have their fees and expenses taxed as to the matters covered by a separate report, for as to those matters their services are necessarily concluded.

The act (Chap. 724) provides in section 32 that the commissioners of appraisal shall receive as compensation such fees and expenses as may be taxed by the court upon notice to the corporation counsel. The same provision is found in section 5 of the amendatory act of 1905 (Chap. 725). Each of the commissioners now asking compensation has presented a prior report, and their fees and expenses for matters covered in such prior reports have been heretofore taxed. The allowances then made were for their services in relation to matters involved in such prior reports and for their expenses incidental thereto, and were not on account of their services generally. Those allowances depended upon the proofs presented to the court on the prior taxation, and are not in any way related to the matters involved here. I think, therefore, when commissioners have concluded their labors with respect to the several parcels included in a

separate report they are entitled, under the law, to present their claims for fees and expenses to the court for taxation, and that the court cannot take into account any prior taxation.

The corporation counsel objects to certain disbursements for automobiles used by the commissioners in visiting the property sought to be condemned for the purpose of viewing it, as they are required to do under the law. I quite agree with him that these charges are large and that automobiles should not be employed against the objection of the city, where it is possible to reach a point reasonably near the property by railroad at a time of day when sufficient time would be afforded to view the property and return by the same means. It appears, however, that early in these proceedings a custom grew up under which the assistants employed by the then corporation counsel made arrangements to provide commissioners with automobiles in going to the property, and which they could have upon notice to the clerk of commissions employed by the corporation counsel at Kingston, the expense therefor being paid in the first instance by those representing the city. In August of last year the commissioners were verbally notified that thereafter no automobiles could be secured through the office of the clerk of commissions, but when necessary could be procured and paid for by the commissioners themselves, and be by them included in their expenses presented for taxation rather than to be paid through the corporation counsel's office in the first instance. After the corporation counsel's office had inaugurated this method for getting the commissioners to the property, it is hardly fair to deny them the expense they have actually incurred in following that custom until after they have been notified that disbursements for automobiles in the future would be objected to. No such notice appears to have been given to these commissioners. I am inclined, therefore, to tax the items the commissioners swear they have paid or incurred for this purpose, as well as the other items included in their verified bills of expenses.

It appears to have been the custom in the past in this district at least to tax the fees of commissioners upon a per diem basis. Under that system there has been an evident disposition to prolong the work of commissions to an undue length. There is nothing in the law providing for compensation on that basis. The fair mean-

ing of the law is that they should be paid reasonable compensation for the services actually and necessarily rendered. The affidavits on these applications give the number of days separately devoted to taking testimony, to viewing property, to executive sessions, and in one case the number of days devoted to reading testimony, examining authorities, making estimates of values and work of that character by individual commissioners. I cannot avoid the conclusion that the duties devolved upon these commissioners could have been properly discharged in a much less number of days and in considerable less time than is stated in their affidavits to have been employed. There is no reason, when commissioners devote only a portion of a day to hearing testimony, why they should not devote the rest of it to considering the case or to executive sessions necessary to its determination, but this course has rarely been pursued. If we measure the work of these commissioners by the time employed by judges and courts in doing work of a similar character, it is apparent that altogether too many days have been occupied and that the work could have been well done by employing much less time. It is unnecessary, however, on these applications to determine whether all the days indicated by the affidavits as having been employed by the commissioners were reasonably required for that purpose. It is sufficient to make reasonable compensation for the work done, whether it took them parts of twenty-five days or of seventy-five days to do it. The number and character of the cases before them, the circumstances under which the work was done, the amount of time reasonably required for doing it, the character and quality of the work done by the commissioners and the amounts of their awards may all be considered in fixing their compensation. I have examined these cases together because, in view of all these considerations, there is no substantial difference between them in the amount which I deem to be reasonable compensation on these several applications, and I have concluded to allow each the sum of $2,000, besides their disbursements, which have been verified by their respective affidavits.