---

In re SIMMONS et al., Board of Water Supply of City of New York.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

EMINENT DOMAIN (§ 230*)—COMMISSIONERS OF APPRAISAL—COMPENSATION.

A detail of the mere number of sessions held by the commissioners of appraisal appointed under Laws 1905, c. 724, authorizing the acquisition of land for a water supply for the city of New York, and the compensation of the commissioners, without particulars of the time actually and necessarily consumed thereby, and a statement in their minutes that at a particular session a witness, or several witnesses, testified at length, are not sufficient to authorize the court to fix their compensation for the work done, and the commissioners should show the time actually and necessarily consumed in their sessions, or should submit their full minutes as an indication thereof.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

Appeal from Special Term, Westchester County.

Petition of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for the purpose of providing an additional supply of water for the use of the city of New York; Kensico Reservoir, section No. 6. From orders fixing the compensation of the commissioners of appraisal, and from an order resettling the orders, the petitioners appeal. Reversed, and remitted to Special Term.

See, also, 137 App. Div. 901, 122 N. Y. Supp. 1145.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William McM. Speer, for appellants.

Charles H. Lovett, for respondents.

JENKS, J. This appeal concerns a fourth separate application to tax commissioners' fees in the matter of acquiring certain real estate pursuant to chapter 724 of the Laws of 1905. When the statute provides compensation, it means an equivalent for work done, and therefore the court should look into the work done and the time properly required for the doing of it. The statute does not recognize a per diem allowance, and there is no reason that requires the adoption of such a standard. Certainly the compensation should not be increased because the commissioners consumed some parts of many days in the doing of work that might be completed in but a few days, unless circumstances beyond the control of the commissioners required such a division of their labors. Rather the court should incline to increase the compensation when the work was done by devotion throughout a day in disregard of all other matters, and for the additional reason that such dispatch is a benefit to the city.

The compensation may be entirely proper; but we think that the present record is too meager and too indefinite to justify the action of the Special Term. A detail of the mere number of sessions held, without particulars of the time actually and necessarily consumed thereby, is not sufficient; nor is a statement in the minutes that at a particular session a witness or several witnesses testified, or even testified at length. Either the commissioners should have shown the time actually and necessarily consumed in their sessions, or should have submitted their full minutes as an indication thereof. Nor is it difficult to submit an estimate of the time consumed by them, if any, outside of their sessions, but about this business, as well as a statement of the character and nature of such services. We are not cited to any provision of law that forbids the separate application as to matters completed and then dealt with in a distinct and separate report. Such practice we are informed is approved by this court in its Third Department, and we see no reason to differ with it. If an allowance is determined solely by the criterion of an equivalent for work done, it is a thing in itself, and should have no bearing in relation to the compensation for any other work.

For these reasons, we feel constrained to reverse the order, without costs, and to remit the matter to the Special Term to determine the compensation. All concur.