(142 App. Div. 217.)

### In re BENSEL et al., Board of Water Supply.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

EMINENT DOMAIN (§ 230*)—COMPENSATION OF COMMISSIONERS OF APPRAISAL —EVIDENCE.

Under Laws 1905, c. 724, § 32, providing that the commissioners of appraisal shall receive such fees as may be taxed by the court on notice to the corporation counsel, the mere statement of the number of days, 81, during which the commissioners claim to have been engaged, without the presence of the minutes of the proceedings of the commissioners and the evidence taken by them, or even a statement of their own opinions as to the value of their services, or a statement by them that they were necessarily or even actually occupied during all the time for which they claim compensation, does not warrant an allowance in one case of $1,900, and in another $2,200.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

Appeal from Special Term, Ulster County.

In the matter of the petition of John A. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate, etc., under Laws 1905, c. 724, etc., in the Towns of Olive and Hurley, Ulster County, for the purpose of providing an additional supply of pure and wholesome water for the use of the City of New York. From an order fixing the compensation of Commissioners of Appraisal, said petitioners appeal. Reversed, and motion denied, with leave to renew.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Archibald R. Watson, Corp. Counsel (William McM. Speer, of counsel), for appellants.

D. C. Robinson, for respondents.

COCHRANE, J. The commissioners of appraisal were appointed under chapter 724 of the Laws of 1905 as amended by Laws 1906, c. 314. Section 32 of the 1905 act provides as follows:

"The commissioners of appraisal appointed in pursuance of this act shall receive as compensation such fees and expenses as may be taxed by the court upon notice to the corporation counsel who shall also furnish them with the necessary clerks, stenographers, surveyors and other employés."

The appellants appeal from an order awarding compensation to one commissioner of $2,200 and another commissioner $1,900 besides dis-

bursements for services in condemning 10 parcels of land described in their third separate report.

The commissioners state in their affidavits that they were engaged 23 days in hearing the parties, 14 days in inspecting the property, 21 days in executive sessions for the purpose of conferring with each other, and 23 days in reading testimony, authorities, and statutes and making computations. It does not appear, however, that all this time was necessarily consumed by them, nor is there anything to show the value of their services. For anything that appears, parts of different days may have been occupied in doing work which should have been completed in less time. In Matter of Bensel, 138 App. Div. 662, 123 N. Y. Supp. 217, a case involving the question of compensation of commissioners of appraisal under this same statute, it was said by Mr. Justice Chester, in an opinion at Special Term adopted by this court, that there is nothing in the law providing for compensation on a per diem basis, and that the statute contemplates reasonable compensation for services actually and necessarily rendered, and he further stated:

"The number and character of the cases before them, the circumstances under which the work was done, the amount of time reasonably required for doing it, the character and quality of the work done by the commissioners, and the amounts of their awards, may all be considered in fixing their compensation."

It should be observed that in that case as the record came to this court, and in view of an oral stipulation made by the corporation counsel in court at the time of the argument, the question of the amount of compensation to the commissioners was not before this court and was not considered, and hence the compensation there allowed constitutes no precedent. A mere statement of the number of days during which the commissioners claim to have been engaged is not of much importance in determining the value of their services unless the particulars are also stated showing the time not only actually consumed but also necessarily consumed. Here there is nothing definite on which to fix the compensation. The minutes of the proceedings of the commissioners and the evidence taken by them do not appear to have been before the court when fixing their compensation, nor have they even stated in their affidavits their own opinion as to the value of their services, nor that they were necessarily or even actually occupied during all of the time for which they claim compensation. The record is too barren to support an award of compensation such as has been made.

The order fixing compensation of commissioners should be reversed, with $10 costs and disbursements, and the motion denied, without costs and with leave to renew the motion. All concur, except SMITH, P. J., not voting.