In the Matter of EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New York, Appellants-Respondents, Relative to Acquiring Real Property in the County of Sullivan, Consolidated Delaware Riparian Section Nos. 2 and 3. MICHAEL W. LAPENNA et al., Respondents-Appellants.

Third Department, December 30, 1975

W. *Bernard Richland, Corporation Counsel (William P. Murray* and *L. Kevin Sheridan* of counsel), for appellants-respondents.

*Solomon & Solomon (Harold L. Solomon* of counsel), for respondents-appellants.

LARKIN, J. In May, 1968 the Board of Water Supply of the City of New York commenced proceedings to acquire the right to divert water from the Delaware River in Sullivan County (Administrative Code of City of New York, ch 51, tit K). The respondents-appellants herein constitute a successor commission of appraisal. They took their oaths of office on February 20, 1973 and filed their final reports on November 4, 1974. Thereafter, they moved for an order fixing their compensation and, in support thereof, filed a joint affidavit listing the dates the commission met and acted. Special Term fixed the compensation of each commissioner at $120 per day, for 126 days, 126 days and 112 days of work respectively. From that order cross appeals ensued.

Appellant Board of Water Supply urges that the moving papers and affidavits are insufficient to support an order fixing fees. The commissioners cross-appeal from the order and urge that their daily compensation be fixed at the rate of $140 per day.

After a review of this record, we find no compelling reason to approve a daily allowance for services of the commissioners in excess of $100 per day *(Matter of Maguire [Pape]*, 43 AD2d 638). Accordingly, we direct that the compensation of the commissioners be fixed at an amount not in excess of $100 per day for each *full day* that they were actually engaged in the performance of their duties.

The affidavit submitted by the commissioners merely lists the dates worked, without a showing of the actual time consumed, and consequently, it is totally insufficient as a basis for fixing compensation. It has long been the law that a mere statement of the number of sessions held without particulars as to the time actually and necessarily consumed is not sufficient *(Matter of Ford [Fischette]*, 14 AD2d 653; *Matter of Bensel [Towns of Olive and Hurley, Ashokan Reservoir, Section No. 16]*, 142 App Div 217; *Matter of Bensel [Town of Mount Pleasant, Kensico Reservoir, Section No. 6]*, 141 App

Div 841; *Matter of Bensel [Ashokan Reservoir, Section No. 16]*, 138 App Div 662; 17 Carmody-Wait 2d, New York Practice, § 108:255, p 603). The commissioners' affidavit, for the most part, merely lists dates and such designations as "reading session", "viewing comparables", "executive session" and "hearings". A mere statement of the number of days during which the commissioners claimed to have been engaged is not of much importance in determining the value of their services, unless particulars are also stated showing the time not only actually, but also necessarily consumed *(Matter of Bensel [Towns of Olive and Hurley, Ashokan Reservoir, Section No. 16]*, 142 App Div 217, *supra*).

While the commissioners' affidavit merely lists a full day for hearings, the appellant board alleges that the minutes of the 62 hearing days in question indicate that the total time spent was about three and three-quarter hours per day. Nineteen full days were claimed by each commissioner and allowed by Special Term for executive session, and one full day was claimed by each commissioner and allowed by Special Term for examining and reviewing the order of appointment. In addition, one full day was claimed and allowed by Special Term for the commissioner from Sullivan County to file the decisions and report in the Sullivan County clerk's office. This total of 126 days for two commissioners and 112 days for one commissioner was for the hearing and determination of 19 riparian claims. The aggregate amount of the fees for the three commissioners fixed by Special Term was $43,680, with disbursements of $12,270.52.

Although the commissioners may have labored well and arduously on the dates in question, the affidavit merely states their labors in such general terms as "reading", "viewing", "executive session" and the like. Fairness to all parties mandates a more comprehensive report upon which Special Term may rely in making an award. On this inadequate record, the order and the awards must be reversed and the matter remitted to Special Term for determination, either by detailed affidavits or by hearings, of the reasonableness and necessity of the time actually spent and the disbursements incurred *(Matter of Ford [Fischette], supra)*.

The order should be reversed, on the law and the facts, without costs, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

HERLIHY, P. J., KANE, KOREMAN and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith.